**In re Sidney GREENWALD, d/b/a Maple Leaf Nursing Home, Debtor.**

**Bankruptcy No. 81 B 20401.**

United States Bankruptcy Court, S.D. New York.

Oct. 6, 1992.

Marvin Neiman, pro se.

Sidney Greenwald, pro se.

MEMORANDUM DECISION

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

■ The application of Marvin Neiman for a fee allowance in this Chapter 7 case invokes my former U.S. Naval Intelligence top secret clearance for cryptography. His application describes the type of work performed with initials, such as PRRB, LTGMDC, MOADTS, GENL, MRAPD, MDCRA BKRPTC, LCRP, BGEN, SCRPMR, XCONF, CSRPMR, GENLRM, BRDMTG and HRNGMC. Under the caption for a description of the work performed he lists: MSG, TMT/UA, T12, DPP, MGH/T, GHMT/RPP, TMT/M, GH12, IPP/TMT, SG/M, GH/T, MT, MT/ML/HS, AM M GH, MIC IG, HSG/R, COM/M, MTSL, SG, AW/MGH/SL and so forth. If I had available to me the old Enigma decoder, or perhaps had been furnished with a relevant code book, I might be able to decipher what this applicant did in this case. One of the reasons that the Board of Judges issued an administrative order on June 20, 1991 prescribing guidelines for fees and disbursements for professionals in the Southern District of New York was to ensure that time records annexed to applications should contain adequate details regarding the services rendered by the applicants. Manifestly, the attorney-client privilege is not involved in fee applications and the services performed should not be a secret known only to those familiar with the encoded information.

■ One of the flaws in this application is the fact that the order of retention specifically named Marvin Neiman and not his firm or individuals in his firm, as the accountant employed to perform accounting and financial consultation services for the debtor. The applicant's services were required for the purpose of assisting the debtor in submitting and supporting claims for Medicaid and Medicare reimbursement from New York State. Maple Leaf Nursing Home was a residential health care facility located in New York which participated as a "provider" of services. The applicant was retained to analyze and review Medicaid reimbursement rates and

Medicaid rate appeals for specific cost years and to review audits concerning these problems with a view to maximizing the nursing homes reimbursement claims. Although named individually in the retention order, the applicant seeks the sum of $27,058.75 for the services which he performed and $23,352.50 for services performed by four other individuals in his accounting firm, for a total of $50,361.25.

Pursuant to 11 U.S.C. § 327, "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons ... to assist the trustee in carrying out the trustee's duties...." To this end, the individual, Marvin Neiman, and not his firm or individuals in his firm, was employed to perform the requested accounting services.

The applicant should not be faulted for the retention order authorizing Marvin Neiman individually as the accountant to perform the described services. Throughout his supporting affidavit for retention, dated September 15, 1981, Marvin Neiman repeatedly referred to the fact that the consulting services would be performed by the "firm of Marvin Neiman, CPA" and that his firm has provided consulting services in an effort to increase third party reimbursements on behalf of approximately fifty health care provider institutions. If the individuals in Marvin Neiman's firm were unauthorized to perform the accounting services they provided, it would follow that Marvin Neiman would have had to perform them himself at a higher billing rate. Hence, there was full disclosure that the firm of Marvin Neiman, and not Marvin Neiman individually, would be retained to perform the required accounting services for the nursing home. In these circumstances, it would be inequitable to assert the technical flaw in the retention order to preclude compensation for the accounting services performed by other accountants in the applicant's firm.

■ There is yet another problem with the application which I cannot decipher. Apparently, the applicant also seeks to recover fees for legal services performed in connection with Medicaid litigation. His invoices to the debtor include charges for "Medicaid litigation" and "general litigation matters." However, the applicant was retained only to perform accounting and financial consulting services. He was not retained to perform legal services for the debtor. Notwithstanding the fact that the applicant is both a certified public accountant and an attorney, he was authorized to wear only his accountant's hat in this case. He may not recover for his unauthorized legal services on behalf of the debtor. *In re Bicoastal Corp.*, 122 B.R. 140, 147 (Bankr.M.D.Fla.1990).

In reviewing the application it appears that the following individuals billed for general litigation services in the total sum of $13,047.50 listed as follows:

Neiman – (MN)

| Hours | Rate | Fee |
|---|---|---|
| .75 | $200 | $ 150.00 |
| 49.00 | 175 | 8575.00 |
| 49.75 | | $8725.00 |

Zoldan – (IZ)

| Hours | Rate | Fee |
|---|---|---|
| 15.25 | $100 | $1525.00 |
| 2.00 | 90 | 180.00 |
| 17.25 | | $1705.00 |

Hirsch – (GH)

| Hours | Rate | Fee |
|---|---|---|
| 14.50 | $ 90 | $1305.00 |

Lavedar – (SL)

| Hours | Rate | Fee |
|---|---|---|
| 26.25 | $ 50 | $1312.50 |

Total................ $13,047.50

Deducting $13,047.50 from the $50,-361.25 application leaves a maximum fee claim in the sum of $37,313.75. However, I cannot determine if the balance of the work performed by the applicant and his firm was beneficial to the estate because of the encoded descriptions set forth in the application. Accordingly, the application is rejected in its present form, without prejudice to the resubmission of an appropriate application which may claim reimbursement for the accounting and financial consulting services, only, not to exceed $37,-313.75, performed by the applicant in accordance with the October 1, 1981 order of retention.

IT IS SO ORDERED.